M. Jonathan Hayes (Bar No. 90388)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Boulevard, Suite 201
Northridge, California 91324
Telephone: (818) 882-5600
Facsimile: (818) 882-5610
jhayes@polarisnet.net

Attorneys for Debtors
Michael and Denise Freed

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:09-bk-33387-SB |
| MICHAEL AND DENISE FREED, | Chapter 11 |
| Debtors. | **DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION** |
| | **Disclosure Statement Hearing** |
| | Date: January 26, 2010 |
| | Time: 2:00 p.m. |
| | Ctrm: 1575 |
| | 255 East Temple Street |
| | Los Angeles, CA 90012 |

1

2

# I. <u>INTRODUCTION</u>

On August 31, 2009, Michael and Denise Freed (the "Debtors") filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 101 et seq.  Chapter 11 allows the Debtor, and under some circumstances, creditors and others parties in interest, to propose a Plan of Reorganization (the "Plan"). The Plan may provide for the Debtor to reorganize by continuing to operate, to liquidate by selling assets of the estate, or a combination of both.  The Debtors are the proponent (the "Proponent") of this Plan of Reorganization.

In summary, this Plan provides for payment to holders of allowed claims.  The timing of Plan payments to particular creditor groups will depend upon their classification under the Plan.  The Effective Date of the Plan shall be the first Business Day, (a) that is 11 calendar days after the Confirmation Date, or (b) at least one Business Day after the Confirmation Date, if the Bankruptcy Court enters an order making Bankruptcy Rule 7062 inapplicable to the proceedings respecting the Confirmation Order or otherwise determining that the Effective Date may occur immediately following confirmation.

A Disclosure Statement also accompanies this Plan.  The Disclosure Statement describes the Plan and provides additional information to enable creditors to make informed decisions about whether to vote for or against the Plan.

The following are the specific provisions of the Plan.

## I.

## INTERPRETATIONS AND RULES OF CONSTRUCTION

## Interpretation, Computation Of Time And Governing Law.

- **Rules of Interpretation.**

For purposes of the Plan: (a) whenever from the context it is appropriate, each term, whether stated in the singular or the plural, shall include both the singular and the plural;

(b) any reference in the Plan to a contract, instrument, release or other agreement or document being in a particular form or on particular terms and conditions means that such document shall be substantially in such form or substantially on such terms and conditions; (c) any references in the Plan to an existing document or Exhibit Filed or to be Filed means such document or Exhibit, as it may have been or may be amended, modified or supplemented; (d) unless otherwise specified in a particular reference, all references in the Plan to Sections, Articles and Exhibits are references to Sections, Articles and Exhibits of or to the Plan; (e) the words "herein," "hereof," "hereto," "hereunder" and others of similar import refer to the Plan in its entirety rather than to only a particular portion of the Plan; (f) captions and headings to Articles and Sections are inserted for convenience of reference only and are not intended to be a part of or to affect the interpretation of the Plan; and (g) the rules of construction set forth in Section 102 of the Bankruptcy Code shall apply.

- **Time Periods.**

In computing any period of time prescribed or allowed by the Plan, the provisions of Bankruptcy Rule 9006(a) shall apply.

- **Section Numbers.**

References in this Plan and the Disclosure Statement to a Code section are references to the United States Bankruptcy Code (Title 11 of the United States Code) except as otherwise indicated.

**II.**

**CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS**

- **General Overview**

As required by the Bankruptcy Code, the Plan separates claims and interests into various categories and classes according to the nature and legal rights associated with such claims and interests. The Plan designates which classes are impaired and which classes are unimpaired. The Plan also describes the treatment each class will receive under the Plan.

The Proponent will ask the Bankruptcy Court to confirm this Plan pursuant to 11 U.S.C. § 1129(b) on any impaired classes if any of these classes do not vote to accept the Plan and if the Plan can otherwise be confirmed, notwithstanding the lack of acceptance by the Shareholders.

- **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead, they are unclassified.  Holders of unclassified claims not considered impaired and not entitled to vote on the Plan; rather the holders of unclassified, unimpaired claims and interests are automatically entitled to specific treatment provided for them in the Bankruptcy Code.

The following categories of claims are neither classified nor impaired under the Plan and are not entitled to vote on the Plan.

- **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtors' Chapter 11 case that are allowed under Bankruptcy Code Section 507(a)(1).  The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.  The following is an estimate of the Section 507(a)(1) administrative claims that will be incurred and unpaid (net of any retainers received) through the Effective Date of the Plan and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| M. Jonathan Hayes (Attorney for the Debtor) | $10,000 (estimated).  This balance is net of the pre-petition retainer received of $10,000. | Paid in full on the later of (a) Effective Date of Plan or (b) Court approval of requested fees |
| Clerk's Office Fees | $0  (estimated | Paid when due |
| Office of the U.S. Trustee Fees | $325 - $750 per quarter (estimated) | Quarterly fees, as required by 28 U.S.C. § 1930(a)(6), shall be paid until a final decree is entered or the case is dismissed or converted. |
| TOTAL | $10,000 | |

Court Approval of Fees Required:

Requests by professionals for payment of fees and costs are generally subject to review and approval by the Court. Fees of the Court Clerk and the Office of the United States Trustee are not subject to Court approval and may be paid in the ordinary course of business when due.

- **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Code Section 507(a)(8). The Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding five years from the date of the Plan.

| Description | Amount Owed | Treatment |
|---|---|---|
| Name = Internal Revenue Service<br>Type of tax = Income Taxes for 2007 & 2008<br>Date tax assessed = na | $60,000  Note: The IRS has filed a Proof of Claim asserting a claim of $127,681. The IRS however estimated the 2008 obligation and will correct the POC once the return is filed. | The IRS will be paid in full in 60 equal installments of $1,174 beginning January 1, 2010. Until then the tax owed will accrue interest at the governmental rate. The payment estimates interest at 6.5%. |
| Name = Franchise Tax Board<br>Type of tax = Income Taxes for 2007 & 2008<br>Date tax assessed = na | $18,947.55 | The FTB will be paid in full in 60 equal installments of $370.72 beginning January 1, 2010. Until then the tax owed will accrue interest at the governmental rate. |

- **Classified Claims And Interests**

**Class 1A -** *Secured Claim of IndyMac Mortgage Services*

Claim/Collateral: IndyMac Mortgage Services has an estimated claim of $833,000

which is secured by a first priority deed of trust on the Debtor's residence at 3784 Wasatch Avenue, Los Angeles, California 90066.    The home is valued by the Debtor's at $797,000.00.

Impaired/Not Impaired: The Class 1A Claim is impaired under the Plan.

Treatment: The obligation of the Debtors to IndyMac Mortgage Services will be paid according to the contractual terms.  The Debtors' current monthly payment is $3,984.00 which the Debtors have made each month since this case was filed and will continue to do so until paid in full.  The arrearage is estimated to be $50,000 which will be paid directly to IndyMac over a five year period in monthly installments of $833.00 beginning on January 1, 2010.

Comments:


**Class 1B - *Secured Claim of Bank of America***

Claim/Collateral: Bank of America has an estimated claim of $35,279.38 which is secured by a first priority deed of trust on the Debtor's rental property at 75-77 Avery Ave., Rochester NY.    The home is valued by the Debtor's at $35,000.00.

Impaired/Not Impaired: The Class 1B Claim is impaired under the Plan.

Treatment: The property is in foreclosure and the Debtors do not intend to try to save it.

Comments:

**Class 1C - *Secured Claim of Bank of America***

Claim/Collateral: Bank of America has an estimated claim of $64,179.58 which is secured by a first priority deed of trust on the Debtor's rental property at 1-3 Bardin Ave., Rochester NY.    The home is valued by the Debtor's at $56,000.00.

Impaired/Not Impaired: The Class 1C Claim is impaired under the Plan.

Treatment: The property is in foreclosure and the Debtors do not intend to try to save it.

Comments:

### **Class 1D -** *Secured Claim of Bank of America*

Claim/Collateral: Bank of America has an estimated claim of $45,000.00 which is secured by a first priority deed of trust on the Debtor's rental property at 109 Warner Street, Rochester NY 14606.    The home is valued by the Debtor's at $34,000.00.

Impaired/Not Impaired: The Class 1D Claim is impaired under the Plan.

Treatment: The property is in foreclosure and the Debtors do not intend to try to save it.

Comments:

### **Class 1E -** *Secured Claim of Bank of America*

Claim/Collateral: Bank of America has an estimated claim of $36,000.00 which is secured by a first priority deed of trust on the Debtor's rental property at 63-65 Avery Ave., Rochester NY.    The property is valued by the Debtor's at $36,000.00.

Impaired/Not Impaired: The Class 1E Claim is impaired under the Plan.

Treatment: The property is in foreclosure and the Debtors do not intend to try to save it.

Comments:

### **Class 1F -** *Secured Claim of IndyMac Bank/Faslo Solutions*

Claim/Collateral: IndyMac Bank/Faslo Solutions, LLC has an estimated claim of $245,620 which is secured by a second priority deed of trust on the Debtor's residence at 3784 Wasatch Avenue, Los Angeles, California 90066.    The home is valued by the Debtor's at $797,000.00 which is less than the amount owed on the first priority lien.

Impaired/Not Impaired: The Class 1F Claim is impaired under the Plan.

Treatment: This Class will be treated as unsecured and will be paid as part of the treatment of Class 3.

Comments:  When the Debtors have completed making the payments required under Section 1129(a)(15) and the discharge is entered, the IndyMac/Faslo lien will be

avoided and removed from the Wasatch Property.

**Class 2 -** *Secured Claim of Ford Credit*

Claim/Collateral: Ford Credit has an estimated claim of $7,499 which is secured by a 2004 Ford Expedition.  The vehicle is valued by the Debtor's at $12,000

Impaired/Not Impaired: The Class 2 Claim is impaired under the Plan.

Treatment: The property is in foreclosure and the Debtors do not intend to try to save it.

Comments:

**Class 3** – *Priority Unsecured Claims*

Claims: Certain priority claims specified in Sections 507(a)(3), (4), (5), (6), and (7) of the Bankruptcy Code are required to be classified in the Plan.  Each class of priority claims must be paid in cash in full on the Effective Date of the Plan unless the holders of such claims vote, as a class, to accept deferred payments.  In the present case, the Debtors estimate that there are no such priority claims.  However, if such claims arise they will be treated as follows:

Impaired/Not Impaired:  Class 3 Allowed Priority Claims are not impaired under the Plan.

Treatment:    On the Effective Date, the holders of Class 3 Priority Claims will be paid in cash in full the allowed amount of each Class 3 Priority Claim.

**Class 4** – *Unsecured Claims*

Claims: General unsecured claims are unsecured claims not entitled to priority under Code Section 507(a).  In the present case, the Debtors estimate that there are approximately $361,849.68 worth of Class 4 Claims plus the approximate $246,000.00 owed to IndyMac Bank/Faslo Solutions, LLC. which will be treated as unsecured.

Impaired/Not Impaired: Class 4 Allowed General Unsecured Claims are impaired under the Plan.

Treatment: Holders of General Unsecured Claims will be paid pro-rate the sum of $500 per month for 60 months.

**Class of Interest Holders**

**<u>Class 5</u>** – Debtors

The Debtors will retain their ownership interest in their properties.

**III.**

**MEANS OF PERFORMING THE PLAN**

• **Funding for the Plan**

1.   Funding for the Plan

The Debtor will pay the obligations set forth in this Plan from the Debtors' salary and bonuses.

2.  Management of the Reorganized Debtor

The Debtor will be the managers under this Plan.

3.  Disbursing Agent

Kenneth R. Farrow shall act as the disbursing agent for the purpose of making the distributions to Class 7 provided for under the Plan.  The Disbursing Agent shall receive 10% of the monthly payment as compensation.

4.  Distributions

Cash payments made pursuant to the Plan shall be in U.S. dollars by checks drawn on domestic bank selected by the Disbursing Agent.  Notwithstanding any other provisions of the Plan, no distributions will be made on account of claims in de minimis amounts of less than $50.00.

Any distributions under the Plan that are unclaimed or undeliverable for a period of six (6) months after distribution thereof shall be revested in the Reorganized Debtor, free of any restrictions thereon, and any entitlement of any holder of any claim to such distribution shall be extinguished and forever barred

**IV.**

**TREATMENT OF MISCELLANEOUS ITEMS**

**Executory Contracts and Unexpired Leases**

• **Assumptions**

LAW OFFICES
M. Jonathan Hayes

DEBTORS' PLAN OF REORGANIZATION

The Debtors believe there are no executory contracts or leases to be assumed or rejected. The Debtor reserves the right to modify the Plan to designate additional contracts or leases to be assumed at any time prior to the hearing on Confirmation of the Plan.

On the Effective Date, each of the unexpired leases and executory contracts so designated shall be assumed as obligations of the Reorganized Debtor. The Confirmation Order shall constitute an Order approving the assumption of each lease and contract. If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

- **Rejections**

Any unexpired lease or executory contract not expressly rejected shall be deemed assumed as of the Effective Date. The Debtor reserves the right to modify the Plan to designate certain contracts or leases for rejection at any time prior to the hearing on confirmation of the Plan.

The order confirming the Plan shall constitute an order approving the rejection of such leases and contracts. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THIRTY DAYS AFTER THE EFFECTIVE DATE. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**V.**

## CHANGES IN RATES SUBJECT TO REGULATORY COMMISSION APPROVAL

The Debtors are not subject to governmental regulatory commission approval of its rates.

- **Retention of Jurisdiction.**

The Court will retain jurisdiction to the fullest extent provided by law.

**VI.**

## EFFECT OF CONFIRMATION OF PLAN

- **Discharge**

This Plan provides that the Debtors shall be discharged of liability for payment of debts incurred before confirmation of the Plan, to the extent specified in 11 U.S.C. § 1141. However, the discharge will not discharge any liability imposed by the Plan. The discharge will not be entered until the Debtors have made all of the payments required to be made to the Class 4 creditors under the plan.

- **Revesting of Property in the Debtor**

From and after the Effective Date, the Reorganized Debtors may operate and may use, acquire, and dispose of property, and compromise and settle any claims or causes of actions without supervision or consent of the Bankruptcy Court and is free of any restrictions of the Bankruptcy Code or Bankruptcy Rules.

The Reorganized Debtors shall have, retain, reserve and be entitled to assert all claims, causes of action, including, but not limited to, rights of setoff and other legal or equitable defenses that the Debtors had immediately prior to the Petition Date as fully as if the Debtors' bankruptcy case had not been commenced; and all of the Reorganized Debtors' legal and equitable rights respecting any such claim which is not specifically waived, extinguished, relinquished or transferred by the Plan may be asserted after the

Effective Date.

- **Modification of Plan**

The Debtors may modify the Plan at any time before confirmation.  However, the Court may require a new disclosure statement and/or revoting on the Plan if the Proponents modify the Plan before confirmation unless certain exceptions apply.

The Proponent may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated <u>and</u> (2) if the Court authorizes the proposed modifications after notice and a hearing.

- **Post-Confirmation Employment and Compensation of Reorganized Debtor's Professionals**

After the Confirmation Date, the Reorganized Debtors may employ, without notice, hearing, or order of the Bankruptcy Court, such attorneys, accountants, and other professionals (the "Post-confirmation Professionals") as it may desire to render services on such terms as it deems reasonable.  With respect to services rendered by the Post-confirmation Professionals, the Reorganized Debtors shall be authorized to pay for such services, related costs, and expenses without notice, hearing, or order of the Bankruptcy Court.

- **Post-Confirmation Status Report**

Within 120 days of the entry of the order confirming the Plan, the Proponent shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan.  The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice.  Further status reports shall be filed every 120 days and served on the same entities, until the entry of a final decree and the closing of the case.

- **Post-Confirmation Conversion/Dismissal**

A creditor or party in interest may bring a motion to convert or dismiss the case under § 1112(b), after the Plan is confirmed, if there is a default in performing the Plan.  If

DEBTORS' PLAN OF REORGANIZATION

the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all

property that had been property of the Chapter 11 estate, and that has not been disbursed

pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be

reimposed upon the revested property only to the extent that relief from stay was not

previously granted by the Court during this case.

- **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022,

the Proponent, or such other party as the Court shall designate in the Confirmation Order,

shall file a motion with the Court to obtain a final decree to close the case.

Date:    December 21, 2009


Michael and Denise Freed
Name of Plan Proponent


_____/s/  M. Jonathan Hayes
Signature of Attorney for Plan Proponent


M. Jonathan Hayes
Attorney for Plan Proponent


Law Office of M. Jonathan Hayes
Name of Law Firm for Plan Proponent

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 9700 Reseda Blvd., Ste 201, Northridge, CA 91324.

The foregoing document described as **DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 12/21/09 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Russell Clementson    russell.clementson@usdoj.gov
- M Jonathan Hayes    jhayes@polarisnet.net
- Cassandra J Richey    cmartin@pprlaw.com
- Ramesh Singh    claims@recoverycorp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Darlene C Vigil    darlenev@bdftw.com, cdcaecf@bdftw.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On 12/21/09, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**Hon. Samuel L. Bufford**

US Bankruptcy Court

Central District – LA Branch

255 E. Temple Street, Suite 1582

Los Angeles, CA 90012

Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on --09 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2

3

| 12/21/09    MJ Hayes | | /s/ MJ Hayes |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**LAW OFFICES**
M. Jonathan Hayes

DEBTORS' PLAN OF REORGANIZATION