M. Jonathan Hayes (Bar No. 90388)
Dana M. Douglas (Bar No. 220053)
Roksana D. Moradi (Bar No. 266572)
**Law Offices of M. Jonathan Hayes**
9700 Reseda Blvd., Suite 201
Northridge, CA 91324
Telephone:  (818) 882-5600
Facsimile:  (818) 882-5610
jhayes@polarisnet.net

Attorneys for Debtors and Debtors in Possession
Michael and Denise Freed

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No.  2:09-bk-33387-SB |
| | Chapter 11 |
| MICHAEL and DENISE FREED, | **DEBTORS' SUPPLEMENT TO PLAN CONFIRMATION MEMORANDUM: DECLARATION OF DENISE FREED** |
| Debtors and Debtors in Possession. | **Plan Confirmation Hearing** |
| | Date:  July 13, 2010 |
| | Time: 2:00 p.m. |
| | Place: Courtroom 1575 |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

/// 
/// 
/// 
/// 
/// 

1

To the Honorable Samuel Bufford, United States Bankruptcy Judge; and to all interested parties:

MICHAEL and DENISE FREED, Debtors hereby submit this Supplement to their Plan Confirmation Memorandum and request that the court confirm their Plan of Reorganization.

The Debtors filed their First Amended Disclosure Statement and Plan of Reorganization on March 18, 2010. The Court approved the First Amended Disclosure Statement on March 23, 2010 and set the hearing for confirmation of the First Amended Plan of Reorganization for June 29, 2010. That hearing was subsequently continued to July 13, 2010 at 2:00 p.m.

The Debtors served the First Amended Disclosure Statement and Plan on all creditors on April 22, 2010 with a ballot. The Debtors also served a Notice of Hearing on Confirmation of Debtors' First Amended Chapter 11 Plan on the same day advising all interested parties that ballots were due June 10, 2010 and objections were due no later than June 17, 2010. A copy of the Notice is attached to the Plan Memorandum as **Exhibit "A."** The Debtors have received no objections, written or otherwise, to the Plan. All classes of impaired creditors voted for the Plan.

**I.**

**COURT'S TENTATIVE RULING AT THE JUNE 29 HEARING**

Prior to the Plan Confirmation hearing on June 29, 2010, the Court posted a tentative ruling as follows:

Hearing required – brief fails to address (a) how the plan provides for each impaired class, (b) whether all members of a class are treated equally, (c) the

2

**Debtors' Supplemental Confirmation Memorandum**

means for implementation of the plan and whether they are adequate, (d) the effective date of the plan

The Plan provides for each class as follows:

Unclassified classes are as follows:

| Description | Amount Owed | Treatment |
|---|---|---|
| Name = Internal Revenue Service<br>Type of tax = Income Taxes for 2007<br>Date tax assessed = August 3, 2009 | $45,933 | The IRS will be paid in full in 51 equal installments of $1,012 beginning August 1, 2010. Until then the tax owed will accrue interest at the governmental rate. The payment estimates interest at 5.5%. |
| Name = Franchise Tax Board<br>Type of tax = Income Taxes for 2007<br>Date tax assessed = na | $18,947.55 | The FTB will be paid in full in 51 equal installments of $417 beginning August 1, 2010. Until then the tax owed will accrue interest at the governmental rate. |

The Internal Revenue Service appeared at the hearing on the Disclosure Statement and advised the court that it agreed with its treatment under the plan.

## A. **ADMINISTRATIVE EXPENSES**

No creditor has filed a Motion seeking payment of an administrative expense. The Debtors are not aware of any unpaid administrative claims other than professional fees.

*The Debtor owes the following Professional Fees:*

M. Jonathan Hayes is owed approximately $23,000 not including the $10,000 retainer. Hayes will file a fee application and, upon approval by the court, will accept payment of the remaining allowed fees of $500 per month for the first 10 months of the plan. Otherwise, Hayes will be paid out of funds on hand, estimated by the Debtor to be $10,000, or funds received later if there are not sufficient funds on hand at the Effective

Date.

### B.    CLASSIFIED CLASSES

Classified classes are treated as follows:

**Class 1A -** *Secured Claim of IndyMac Mortgage Services* is impaired.

This is the first mortgage on the Debtors' residence.  The obligation will be paid according to the contractual terms, $4,549 per month, except as to the arrearage which will be paid over a five year period, $833.00 per month, beginning on the Effective Date.

Class 1A voted for the Plan.

**Classes 1B, 1C, 1D, 1E -** *Secured Claims of Bank of America*

These are four loans, ranging from $35,000 to $64,000, secured by four rental properties located in Rochester, N.Y.  The Debtors stipulated to relief as to each of these properties many months ago and the foreclosures are believed to be complete.  Bank of America will receive nothing else under the Plan as it did not file a Proof of Claim.

**Class 1F -** *Secured Claim of One West Bank (successor to IndyMac Bank/Faslo Solutions)*

This is the second on the Debtors' residence which is completely unsecured.  The plan treats this debt as unsecured.  On October 15, 2009 the Debtor's filed a "Lam" Motion to determine the secured value of the residence at less than what is owed to the first lienholder and thereby to avoid this lien.  That motion was granted and an Order was entered on January 4, 2010.

One West voted for the Plan as an unsecured creditor, Class 4.

**Class 2 -** *Secured Claim of -------- (UNUSED)*

**Class 3** – *Priority Unsecured Claims*

None.

4

**Class 4** – *Unsecured Claims*

There are $607,000 in class 4 unsecured claims.  Holders of General Unsecured Claims will be paid pro-rata the sum of $500 per month for 50 months beginning on April 1, 2011.  The payments of $500 per month for the first ten months of the plan will be paid to M. Jonathan Hayes once the Court approves his fee application.

The Debtors' received four ballots from unsecured creditors (including the ballot from OneWest Bank, who voted to approve the Plan).  The ballots are attached to the Plan Confirmation Memorandum filed previously.

Total claims of the class 4 creditors who voted are $280,756.  Three of the four ballots with claims totaling $262,756 voted **for** the Plan.  This is 93.6% of the total dollars voting in the class and 75% of the total ballots voting in the class.[1]

The Debtors will make the monthly payments out of their employment income to the Disbursing Agent, Kenneth Farrow, who will pay the claims in this class pro-rata each month.  Mr. Farrow will receive 10% of the plan payment each month.  Mr. Farrow is unrelated to the Debtors and their counsel.

**Class of Interest Holders**

**Class 5** – Debtors

The Debtors will retain their ownership interest in their properties.

**C.    THE EFFECTIVE DATE**

According to the Plan, the Effective Date will be the first Business Day that is 11 calendar days after the Confirmation Date.

---

[1] One ballot, from CitiBank (South Dakota) N.A., voted to reject the Plan, although it did not state what amount it was owed.  The Debtor's estimate, as per the last statement they received, that CitiBank is owed approximately $18,000.00.

**LAW OFFICES**
M. Jonathan Hayes

**Debtors' Supplemental Confirmation
Memorandum**

1

### D.    **THE DISCHARGE**

2      Under the plan, the discharge will not be entered until the Debtors have completed

3   the payments to the Class 4 unsecured creditors over the five year period.

4

5   ### E.    **THE LIQUIDATION TEST**

6      According to the Debtor's declaration, the total value of their non-exempt assets is,

7   at most, $70,000.   The Plan pays approximately $106,000 to administrative claims,

8   priority taxes and unsecured creditors.  Therefore, the Plan meets the Liquidation test.

9

10                                    **II.**

11                                **CONCLUSION**

12      For the foregoing reasons, and based on the evidence, authorities and arguments

13   presented, the Debtors respectfully requests that their Plan be confirmed.

14

15

16   Dated:  July 6, 2010                    **LAW OFFICES OF M. JONATHAN HAYES**

17

18                                    **By:      /s/ Roksana D. Moradi**
                                            **M. Jonathan Hayes**
                                            **Dana M. Douglas**
19                                          **Roksana D. Moradi**
                                            *Attorneys for Debtors*
20                                       MICHAEL and DENISE FREED

21

22

23

24

25

26

27

28
                                         6

# DECLARATION OF DENISE FREED

I, Denise Freed, declare and state as follows:

1.   I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently thereto. I am one of the Debtors in this case.

2.   My husband and I commenced this case on August 31, 2009.   For the past 20 years I have worked as a successful real estate broker. With the rapid decline of the real estate market, and the economy as a whole, my real estate business quickly deteriorated; my income plummeted from approximately $400,000.00 in 2006, to $120,000.00 in 2007 and finally $60,000 in 2008.  In order to secure a steady income I took a position as the office manager of the Keller Williams Marina Del Rey/LA office. I receive a monthly salary of $8,333 and no other bonuses or commission, at least for the foreseeable future.

3.       My husband, Michael Freed, has been employed by, and is a business partner of, Silva Bridgewater.    Michael receives a monthly salary of $5,769 and no other bonuses or dividends, at least for the foreseeable future.    During this chapter 11 case, we returned our Porsche Cayenne and Ford Expedition vehicles, which we were leasing.

4.   My husband and I are able to pay the IRS, the first mortgage on our home, the monthly UST fees and $500 per month, our net disposable income, to unsecured creditors.

5.   A summary of our income and expenses is as follows:

|  | Actual 2007 | Actual 2008 | Estimated 2009 | Projected 2010 | Projected 2011 |
|---|---|---|---|---|---|
| Wages | 80,100 | 75,000 | 169,224 | 169,224 | 169,224 |
| Interest & Divs | 162 | 290 | 0 | 0 | 0 |
| Capital Gains | 71,968 | -3,000 | -3,000 | 0 | 0 |
| Rental Income | 30,221 | 74,788 | 35,000 | 0 | 0 |
| IRA Distributions | 88,455 | 4,073 | 0 | 0 | 0 |
| Other gains losses | 0 | -4,626 | 0 | 0 | 0 |
| Total Net Income | 270,906 | 146,525 | 201,224 | 169,224 | 169,224 |
| Total Income Taxes | 51,725 | 9,275 | 30,000 | 18,500 | 18,500 |

**LAW OFFICES**
M. Jonathan Hayes

**Debtors' Supplemental Confirmation Memorandum**

| | | | | | |
|---|---|---|---|---|---|
| Income after Tax | 219,181 | 137,250 | 171,224 | 150,724 | 150,724 |
| Income Per month | 18,265 | 11,438 | 14,269 | 12,560 | 12,560 |

| | |
|---|---|
| Mortgage | 4,549 |
| Prop Taxes (Included in Mort) | 0 |
| Elec/heating | 237 |
| Water/sewer | 538 |
| Phone | 186 |
| Cable/Internet | 80 |
| Home main. | 100 |
| Food | 800 |
| Clothing | 150 |
| Dry cleaning | 60 |
| Med/Den exp. | 50 |
| Recreation | 100 |
| Charit. Contr. | 50 |
| Homeown. Ins. | 157 |
| Life Insur. | 88 |
| Car Insur. | 320 |
| Auto | 586 |
| Transportation | 250 |
| Tuition/child care | 1,000 |
| Miscellaneous | 200 |
| **TOTAL** | 9,501 |

| | |
|---|---|
| **IRS** | 1,012 |
| **FTB** | 417 |
| **Class 1 - arrearage** | 833 |
| **Class 3** | **500** |
| **UST** | **217** |
| Total Plan Payments | 2,979 |
| Total outgo | 12,480 |

6.    A list of all of our assets is as follows:

| | | |
|---|---|---|
| Residence at 3784 Wasatch Ave., Los Angeles | | FMV $ 797,000<br>Liens:  1,269,618 |
| Cash in Bank | | 10,000 |
| Household Goods & Furnishings | All claimed exempt | FMV $3,500 |
| Clothing & Jewelry | All claimed exempt | FMV  $2,650 |
| Northwest Mutual Life Ins, CSV $3,748 (exempt) | All claimed exempt | CSV  $3,748 |
| Education IRA | All claimed exempt | $25,000 |
| Ownership in Baja Fresh | | FMV $50,000 |
| Ownership Interest in Keller Williams Office (2%) | |  FMV $10,000 |
| Ownership Interest in Silva | | -0- |

| Bridgewater Oil Wells | Claimed exempt under wildcard | $15,000 |
|---|---|---|
| Office Equipment | All claimed exempt | FMV        300 |
| Total | | $1,083,300 |

The total value of our non-exempt assets is approximately $70,000.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.  Executed on this 6th day of July, 2010 at Los Angeles, California.

/s/  Denise Freed
_____
DENISE FREED

LAW OFFICES
M. Jonathan Hayes

Debtors' Supplemental Confirmation
Memorandum

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  9700 Reseda Blvd., Suite 201, Northridge, CA 91324.

A true and correct copy of the foregoing document described as **DEBTORS' SUPPLEMENT TO PLAN CONFIRMATION MEMORANDUM: DECLARATION OF DENISE FREED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (“NEF”)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) (“LBR”), the foregoing document will be served by the court via NEF and hyperlink to the document. On **07/6/10** checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐  Service information continued on attached page

- **Russell Clementson    russell.clementson@usdoj.gov**
- **M Jonathan Hayes    jhayes@polarisnet.net**
- **David F Makkabi    cmartin@pprlaw.net**
- **Cassandra J Richey    cmartin@pprlaw.net**
- **Ramesh Singh    claims@recoverycorp.com**
- **Michael W Tan    michael.w.tan@irscounsel.treas.gov**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**
- **Darlene C Vigil    cdcaecf@bdfgroup.com**

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On **07/6/10** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**Hon. Samuel L. Bufford**
US Bankruptcy Court
255 E. Temple Street, Suite 1582
Los Angeles, CA 90012

**III.    SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **0--/23/2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by

**DEBTORS' PLAN CONFIRMATION MEMORANDUM**

facsimile transmission and/or email as follows.   Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

2    ☐ Service information continued on attached page

3    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **07/6/10** | **Roksana D. Moradi** | **/s/ Roksana D. Moradi** |
| *Date* | *Type Name* | *Signature* |

**LAW OFFICES**
M. Jonathan Hayes

**DEBTORS' PLAN CONFIRMATION
MEMORANDUM**